# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LARRY D. ANDERSON,**

        Petitioner,

        -vs-                                    Case No. 12-C-1011

**CINDY LOU ANDERSON,
BROWN COUNTY CIRCUIT COURT,
THE STATE OF WISCONSIN JURISDICTIONS
AND POWERS THAT BE,
ROBERT B. LOOMIS, and
HERRLING & CLARK, S.C.,**

        Respondents.

## DECISION AND ORDER

This action, labeled a petition for a writ of mandamus pursuant to 28 U.S.C. § 455[1] to the United States Department of Justice, was filed by pro se Petitioner Larry D. Anderson ("Anderson") against Respondents Cindy Lou Anderson ("Cindy"),[2] the Brown County Circuit Court, the "State of Wisconsin Jurisdictions and Powers That Be," Robert B. Loomis ("Loomis"), and Herrling & Clark S.C. (the "Herrling firm").

---

[1] *Shell Oil Co. v. United States,* 672 F.3d 1283, 1289 (Fed. Cir. 2012), explains that:

> [s]ection 455 governs the disqualification or recusal of federal judges. Section 455(a) provides that '[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.' While § 455(a) operates as a 'catchall' recusal provision, § 455(b) lists a number of specific circumstances where recusal is required.

[2] The Court departs from its practice of referring to individuals by surname to distinguish between Anderson and his former wife. No disrespect is intended.

(ECF No. 1.) Anderson also filed an affidavit[3] and six exhibits in support of his petition. (ECF Nos. 2 & 3.)

The matter is before the Court on motions to dismiss filed by the Brown County Circuit Court and Wisconsin Supreme Court (the "Court Defendants"), Cindy, Loomis, and the Herrling firm (the "individual Defendants"). (ECF Nos. 5 & 14.) The Court Defendants seek dismissal based on Eleventh Amendment immunity, the *Rooker-Feldman* doctrine, abstention, and failure to state a claim upon which relief can be granted. The individual Defendants raise the latter three grounds.

In response Anderson asserts that, despite labeling his initial pleading as a petition for a writ of mandamus, his pleading states a claim under 42 U.S.C. § 1983 for Fourteenth Amendment due process violations. Anderson concedes that the Eleventh Amendment bars his claims against the Court Defendants. However, he contends that the *Rooker-Feldman* doctrine is inapplicable, relying on *Loubser v. Thacker,* 440 F.3d 439, 441-42 (7th Cir. 2006). He further contends that *Younger* abstention does not apply to this case.

Additionally, Anderson states that he intends to amend his Complaint to add as Defendants Brown County Circuit Court Judge Kendall Kelley ("Kelley"); Laura Beck ("Beck"), an attorney who initially represented Cindy in the divorce; John Heide

---

[3] Anderson, under oath, has stated that the factual statements in his petition and supporting exhibits are true and correct. Thus, the factual assertions in his petition and exhibits are considered as if they were made in an affidavit. *See Ford v. Wilson,* 90 F.3d 245, 246 (7th Cir. 1996).

("Heide"), Anderson's initial divorce attorney, who is also a Brown County Court Commissioner; Alf RHR Langan, another attorney who later represented Anderson in the divorce; and, Stephen J. Bischel ("Bischel"), who was an accountant for Cindy and Beck.

## Background[4]

This action relates to a state court divorce action between Anderson and Cindy, *In re the Marriage of Larry David Anderson and Cindy Lou Anderson*, Brown County Circuit Court Case No. 2010FA0805 (the "Anderson divorce action"). Anderson claims that Beck, who represented Cindy initially in the divorce proceedings and who also is a 14th District Wisconsin Office of Lawyer Regulation ("OLR") Committee member, improperly conspired with Bishel to hide assets, rather than disclose them, in the divorce. He further claims that Beck, Bischel and Heide colluded to cover up the hidden undisclosed assets.

In December 2010, Anderson raised the issue in the divorce by filing a motion to compel discovery and for contempt regarding the undisclosed assets. A February 15, 2011, deadline for exchange of such information was set; however, Beck did not comply. Anderson wrote Kelley again regarding the non-disclosure.

On March 19, 2011, Anderson filed a 168-page complaint with the OLR regarding his allegations of such conspiracy and collusion. About April 26, 2011,

---

[4] The background facts are taken from the Petition. Recognizing its obligations under *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court has liberally construed the Petition.

Beck had an *ex parte* meeting with Kelley, provided a copy of the OLR complaint to Kelley, and informed him that she was going to withdraw from the Anderson divorce and another Brown County divorce action, 2010FA1243. At a late May 2011, hearing, Kelley granted Beck's motion for Loomis to substitute as counsel for Cindy. Kelley also made the OLR complaint a part of the record in the Anderson divorce case and filing it under seal.

On September 7, 2012, the Beck grievance was considered by the OLR "Special Review Committee." The Committee ruled that the investigation should proceed.

In January 2012, when the Brown County divorce cases were rotated to a new judge, Kelley retained the Anderson divorce. He also held a hearing in the Anderson divorce regarding valuation of assets and issued an oral ruling that was "word for word" the same as Loomis's February 15, 2012, closing argument. (Pet. 5 [unnumbered].) (ECF No. 1.)

On May 15, 2012, the fraud was reported as a crime to the United States Attorney's Office. Anderson was told that the United States Department of Justice would investigate if "we" could show a culture and pattern of racketeering activity existed in Brown County. (*Id.*) Since that time, over 2,000 surveys were mailed to divorce litigants in the Brown County area to "look into a 'culture and pattern' of racketeering." (*Id.*) Also, various forms of electronic media, including a website,

were established in an effort to determine whether other divorce litigants had experienced similar issues with Brown County Circuit Court officers.

Loomis is asking Kelley to dismiss the fraud upon the court papers. Loomis in "complicity" with Kelley has now directed $54,000 of third party funds of KDA, LLC, that were being safeguarded by Attorney Nancy Phelps for Kristen/David Anderson,[5] to be frozen on behalf of Cindy until further order of the divorce court or written agreement of the parties.

A written report of findings was delivered to the United States Attorney's Office on August 1, 2012, and an in-person follow-up meeting took place on August 14, 2012. On August 30, 2012, Kelley continued to preside over the Anderson divorce after being served with a document entitled "Affidavit Notification of Fraud upon the Court." (*See* Ex A.) (ECF No. 4.)

In this action, Anderson seeks an order against Kelley nullifying his "past ruling[s], and barring further rulings or any activity in the case," (Pet. 1-2 (unnumbered.)), and an order barring Loomis from further participation in or profiting from the state divorce case. Additionally, Anderson seeks a default judgment for divorce and removal of "both Jurisdictions due to actual bias, prejudice and a conflict of interest" based on Anderson's reporting to the OLR the fraud by one of OLR's Committee members in the Anderson divorce. (*Id.* at 2.) Anderson also requests an order for his protection barring the parties from further harassing him and requiring

---

[5] The petition does not disclose the relationship of Kirstin or David to Anderson.

that they preserve all communications and financial documents from spoliation or manipulation.

Anderson claims that Kelley failed to rule on his contempt motion, repeatedly violated rules of procedure, and failed to treat him fairly and impartially. An appeal from the Brown County Circuit Court's determination, *Anderson v. Anderson*, 2012AP002804 (Wis. Ct. App.) has been briefed and is before the state appeals court for consideration. See http://wscca.wicourts.gov (last visited September 3, 2013.)

## Analysis

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages). The Wisconsin Supreme Court and the Wisconsin circuit courts are part of the judicial branch of the Wisconsin state government. *See* Wis. Const. Art VII, sec 2. Anderson cannot maintain a civil rights action for money damages pursuant to 42 U.S. C. § 1983 against the Court Defendants.

Both sets of Defendants raise the abstention doctrine. The timing of this federal action and the state proceeding raises the issue of whether this Court should abstain under the principles of *Younger v. Harris,* 401 U.S. 37 (1970) ("*Younger* abstention"). The basic principle of *Younger* abstention is that, absent extraordinary circumstances, a federal court should not interfere with pending state judicial

proceedings. *Middlesex Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *Moore v. Sims*, 442 U.S. 415, 423 (1979). *Younger* holds that, absent certain exceptional circumstances, a federal district court should not enjoin a pending state criminal proceeding. *Younger,* 401 U.S. at 53-54. This principle, based on federalism and comity concerns, has been extended to civil proceedings when important state interests are involved. *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.,* 477 U.S. 619, 625-26 (1986); *Middlesex Ethics Comm'n*, 457 U.S. at 432*; Moore*, 442 U.S. at 423; *W.C.M. Window Co., Inc. v. Berardi,* 730 F.2d 486, 490 (7th Cir. 1984). The importance of the state interest involved in a particular proceeding may be indicated by various factors. One such factor is the degree of similarity in nature between the state civil proceedings at issue and criminal proceedings. *Middlesex Ethics Comm'n,* 457 U.S. at 432.

"[T]he civil brand of *Younger* extends only to a federal suit filed by a party that is the target of state court or administrative proceedings in which the state's interests are so important that exercise of federal judicial power over those proceedings would disregard the comity between the states and the federal government." *SKS & Assoc. Ltd. v. Dart,* 619 F.3d 674, 678 (7th Cir. 2010). Wisconsin has a strong interest in insuring the integrity of divorce proceedings and the regulation of its attorneys. There is an ongoing appeal to the Wisconsin Court of Appeals. The Court presumes that the Wisconsin courts will provide an adequate forum for Anderson to appeal. Given the applicability of the *Younger* doctrine, the

Court finds that amendment of the Complaint would be futile. Based on the foregoing, the Court declines to address the additional grounds for dismissal of this action raised by the Defendants.

For the reasons stated, the Defendants' motions to dismiss are granted, and this action is dismissed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Court Defendants' motion to dismiss (ECF No. 14) is **GRANTED**;

The individual Defendants' motion to dismiss (ECF No. 5) is **GRANTED**;

This action is **DISMISSED**; and

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 5th day of September, 2013.

                                   **BY THE COURT:**

                                   _____
                                   **HON. RUDOLPH T. RANDA
                                   U.S. District Judge**