UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**LARRY D. ANDERSON,**

        Petitioner,

   -vs-                                                            Case No. 12-C-1011

**CINDY LOU ANDERSON,**
**BROWN COUNTY CIRCUIT COURT,**
**THE STATE OF WISCONSIN JURISDICTIONS**
**AND POWERS THAT BE,**
**ROBERT B. LOOMIS, and**
**HERRLING & CLARK, S.C.,**

        Respondents.

# DECISION AND ORDER

Pro se Petitioner Larry D. Anderson ("Anderson") filed this action to redress alleged violations of the Fourteenth Amendment in the state court divorce of *In re the Marriage of Larry David Anderson and Cindy Lou Anderson*, Brown County Circuit Court Case No. 2010FA0805 (the "Anderson divorce action"), due to fraud and collusion by the Respondents and others, including Judge Kendall M. Kelley ("Kelley") of the Brown County Circuit Court. (ECF No. 1.)

On September 6, 2013, this Court granted the motions to dismiss filed by the Respondents, Brown County Circuit Court and Wisconsin Supreme Court (the "Court Respondents"), and Cindy Lou Anderson, Robert B. Loomis, and Herrling & Clark, S.C., (the "individual Respondents"), holding that the Eleventh Amendment bars

Anderson's civil rights claim for money damages pursuant to 42 U.S.C. § 1983 against the Court Defendants, and the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1970) ("*Younger* abstention") applies because of Wisconsin's strong interest in insuring the integrity of divorce proceedings and the regulation of its attorneys, and the presumption that the Wisconsin courts will provide an adequate forum for Anderson to appeal. (ECF No. 23.) Given the applicability of the *Younger* abstention, the Court also held that amendment of the Complaint would be futile. Final judgment was entered on September 6, 2013. (ECF No. 24.)

Citing Rules 59(e) and Rule 60(b)(6) of the Federal Rules of Civil Procedure, Anderson requests amendment of the judgment to stay this proceeding pending the decision of the Wisconsin Court of Appeals or, in the alternative, vacation of the judgment. (ECF No. 25.) Rule 59(e) encompasses errors of law. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989)). Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence. *Sigsworth v. City of Aurora,* 487 F.3d 506, 511-12 (7th Cir. 2007).

Rule 60(b) provides an extraordinary remedy that is granted only in exceptional circumstances. *See Eskridge v. Cook County,* 577 F.3d 806, 809 (7th Cir. 2009). The "catch-all" provision in Rule 60(b)(6), allowing relief for "any other reason that justifies relief," may also be applicable. Fed. R. Civ. P. 60(b)(6).

- 2 -

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 153 (1936); *Texas Indep. Producers & Royalty Owners Ass'n v. EPA,* 410 F.3d 964, 980 (7th Cir. 2005).

Anderson asserts that regardless of the outcome of the Wisconsin Court of Appeals decision on the Anderson divorce action, this action will be ready to proceed. Anderson also relies upon *United States v. Estate of Stonehill*, 660 F.3d 415, 444-45 (9th Cir. 2011), in contending that the Respondents and Kelley engaged in conduct that has been held to be a fraud on the court.

Despite a liberal construction of Anderson's motion, he has not established a basis for relief under either rule. Anderson's current arguments address the merits of his claim. With respect to Rule 59(e), he has not demonstrated a legal error in this Court's September 6, 2013, decision; and with respect to Rule 60(b)(6), he has not established extraordinary circumstances as required to obtain relief under that provision.

With respect to Anderson's request for a stay rather than dismissal, the state court proceedings will not necessarily end with the issuance of an appellate decision; the party to whom the decision is adverse may petition the Wisconsin Supreme Court for review. Subsequently, a party may also petition for certiorari review by the

- 3 -

United States Supreme Court.  If the full array of post-appeal processes are invoked the state court determination may not be completed for a year or more.

Anderson's belief that the Wisconsin court of appeals decision will enable this Court to proceed with this action is erroneous.  The state court proceedings are unlikely to end with the issuance of a decision by the Wisconsin Court of Appeals.  Therefore, the Court declines to stay this action.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Anderson's motion to amend or alter judgment (ECF No. 25) is **DENIED.**

Dated at Milwaukee, Wisconsin, this 27th day of September, 2013.

                                        **BY THE COURT:**

                                        _____
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**